# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2589-18T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

T.S.S,

     Defendant-Appellant,

and

L.N.M.,

     Defendant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF K.M.
and K.M.,

     Minors.

_____

     Submitted October 10, 2019 – Decided October 29, 2019

     Before Judges Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FG-08-0064-18.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Bruce P. Lee, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Erica L. Sharp, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Todd S. Wilson, Designated Counsel, on the brief).

PER CURIAM

Defendant T.S.S.[1] appeals from a January 22, 2019 Family Part order terminating her parental rights to her two sons, who are now three and four years old and were removed from the hospital to their current pre-adoptive parents upon birth. We affirm substantially for the reasons stated by Judge Mary K. White in her thorough oral opinion issued with the order.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. The children were born to a mother with serious psychiatric and substance abuse problems. The rights to her older children have been terminated

---

[1] We use initials to preserve the privacy of the parties. R. 1:38-3(d)(12).

and we affirmed on appeal. N.J. Div. of Child Prot. & Permanency v. T.S.S., No. A-4047-17 (App. Div. Apr. 8, 2019).

Neither parent appeared at trial. The Division of Child Protection and Permanency (Division) presented evidence that T.S.S. did not comply with drug rehabilitation or psychiatric therapy services, although she was psychiatrically committed to a hospital while pregnant with the younger boy. The Division's expert opined that the boys were not bonded to their mother, but had a secure bond with their resource parents.

In her comprehensive opinion, Judge White found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendants' parental rights was in the children's best interests. On this appeal, our review of the trial judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are bound by her factual findings so long as they are supported by "adequate, substantial and credible evidence." N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

A-2589-18T1

T.S.S. contends for the first time on appeal that the trial court erred in ordering she pay child support, both before and after termination of parental rights. Because the issue was not raised before the trial court, we do not consider it. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). We note that under N.J.S.A. 9:2-20, the family court has discretion to continue ordering child support payments even after it terminates parental rights. Defendant also argues that her mother was inappropriately ruled out as a caretaker. In fact, the maternal grandmother was not able to care for the children, nor were the other relatives investigated by the Division. Those arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2589-18T1